UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | CIVIL ACTION NO. 2:25-CV-01787 |
| | * | |
| **VERSUS** | * | |
| | * | JUDGE: SARAH S. VANCE |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL**. | * | |
| | * | MAGISTRATE: EVA J. DOSSIER |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

**MAY IT PLEASE THE COURT:**

Defendants, Crescent Payroll Solutions, LLC f/k/a Crescent Payroll Solutions, Inc., Sanders Offner, and Justin Farrae, submit this memorandum to set forth the reasons the Court should dismiss Plaintiff Philip Carrillo's breach of covenant of good faith and fair dealing, detrimental reliance, and abuse of rights claims.

### I.    MR. CARRILLO'S ALLEGATIONS

Mr. Carrillo filed his Complaint against Defendants on August 30, 2025.[1] In it, he alleged the following facts that are material to this motion, which the Court must take as true for purposes of this motion only:[2]

Crescent hired Mr. Carrillo to work at its office in Metairie, Louisiana as a Human Resources Advisor on August 4, 2020.[3] Mr. Offner owns Crescent and Mr. Farrae is a Vice President.[4] After Crescent hired Mr. Carrillo, he entered into an Employment Agreement with the

---

[1] R. Doc. No. 1.
[2] Defendants dispute some of the facts alleged by Mr. Carrillo, but understand the Court is required to interpret them in the light more favorable to Mr. Carrillo pursuant to Fed. R. Civ. P. 12(b)(6).
[3] R. Doc. No. 1, Compl. at ¶¶ 23, 24.
[4] *Id*. at ¶¶ 26, 27.

company.[5] On November 17, 2022, Crescent promoted him to Director of Human Resources.[6] At that time, he, Mr. Offner, and Mr. Farrae signed a Compensation Agreement.[7] Mr. Offner and Mr. Farrae characterized the Compensation Agreement as an "investment."[8] It provided for Mr. Carrillo to receive: (1) a salary increase, (2) a one-time bonus, (3) a percentage of empact hr's[9] profits, (4) a percentage of RPO's gross revenues, (5) a share of empact hr's revenue "in the event of divestiture of recapitalization" (*sic*);[10] and (6) a title change.[11] It also stated that "[a]ll forms of remuneration" under the Compensation Agreement "end upon termination of employment."[12]

In October 2023, Mr. Carrillo's relationship with his long-time partner came to an end.[13] Thereafter, he moved to Houston.[14] In June 2024, Mr. Offner and Crescent's Director of Administration, Jessica Johnson, told him on a Teams call that they were placing him on a 30-day Performance Improvement Plan (PIP) because members of his team had complained about him appearing disengaged and being slow to answer emails.[15] Crescent then terminated his employment on June 24, 2024, before the 30-day PIP period expired.[16] Mr. Carrillo claims Crescent did not pay him the bonus and profit-sharing payments to which he was entitled under the Compensation Agreement.[17]

Based on this set of facts, Mr. Carrillo claims:

---

[5] *Id*. at ¶ 29.
[6] *Id*. at ¶36.
[7] *Id*. at ¶40.
[8] *Id*. at ¶49.
[9] Empact HR is a division of Crescent. R. Doc. 1, Compl. at ¶44.
[10] This is a typo and was intended to state "divestiture **or** recapitalization."
[11] R. Doc. No. at ¶40.
[12] *Id*.
[13] *Id*. at ¶ 50.
[14] *Id*. at ¶¶ 51, 52.
[15] *Id*. at ¶¶ 56, 57.
[16] *Id*. at ¶ 58.
[17] *Id*. at ¶ 60.

1. Crescent, Mr. Offner, and Mr. Farrae are liable to him for breaching the Compensation Agreement by failing to pay him bonuses and profits owed pursuant to that agreement;[18]

2. Crescent, Mr. Offner, and Mr. Farrae violated an implied contractual covenant of good faith and fair dealing by terminating his employment before the end of the PIP period to avoid paying him amounts due under the Compensation Agreement;[19]

3. He signed the Compensation Agreement based on Mr. Offner's and Mr. Farrae's representation that it was an investment;[20]

4. To the extent Defendants terminated his employment to avoid paying him amounts due under the Compensation Agreement, that would constitute an abuse of rights;[21]

5. To the extent Mr. Offner and Mr. Farrae terminated his employment to avoid paying him amounts due under the Compensation Agreement, they are liable for tortious interference with contract;[22] and

6. The non-compete provision in his Employment Agreement violates public policy and is void.[23]

As explained below, even if the facts Mr. Carrillo alleged are taken as true, he has not stated an actionable claim for breach of the covenant of good faith and fair dealing, detrimental reliance, or abuse of rights. Therefore, the Court should dismiss those claims.

---

[18] *Id*. at ¶¶ 65-70.
[19] *Id*. at ¶ 73.
[20] *Id*. at ¶¶ 74, 75
[21] *Id*. at ¶ 77.
[22] *Id*. at ¶¶ 78, 79.
[23] *Id*. at ¶¶ 80-91.

## II. LAW AND ARGUMENT

### A. 12(b)(6) Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[24] Although Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[25] To survive a motion, a complaint must satisfy two basic requirements. First, the complaint must include factual content sufficient to raise a right to relief above the speculative level; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[26] Second, the well-pleaded facts, accepted as true, must state a claim to relief that is "plausible on its face."[27]

A claim is facially plausible when the factual allegations allow the court to draw a reasonable inference that the defendant is liable for the misconduct alleged.[28] A pleading that offers "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'" is insufficient.[29]

Generally, a district court "must limit itself to the contents of the pleadings, including attachments thereto."[30] However, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."[31]

---

[24] FED. R. CIV. P. 8(a)(2).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell At. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[26] *Id*.
[27] *Id*. (quoting *Twombly*, 550 U.S. at 570).
[28] *Id*. (citing *Twombly*, 550 U.S. at 556).
[29] *Id*. (citing *Twombly*, 550 U.S. at 555).
[30] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[31] *Id*. at 489 (internal quotation marks and citations omitted).

### B. Louisiana does not recognize a separate claim for breach of implied covenant of good faith and fair dealing.

Under Louisiana law, "good faith shall govern the conduct of the parties in whatever pertains to the obligation, and all contracts in Louisiana must be performed in good faith."[32] However, "Louisiana does not recognize a separate and distinct obligation of good faith, the breach of which would be equivalent to a breach of the contract between the parties."[33] Rather, the performance of an obligation or contract may be characterized as being in good faith or bad faith, but the party alleging bad faith must first allege facts showing the existence of a specific duty or obligation that was breached.[34] In this case, Mr. Carrillo has asserted a breach of contract claim. Defendants are not seeking to dismiss that claim at this time. Mr. Carrillo may maintain that Defendants breached the Compensation Agreement in bad faith. However, to the extent he seeks to state a cause of action for breach of the implied covenant of good faith and fair dealing that is separate from his breach of contract claim, the law does not recognize any such claim. Thus, the Court should dismiss it.

### C. Mr. Carrillo did not allege he changed his position to his detriment based on any alleged representation made by Defendants.

"It is difficult to recover under the theory of detrimental reliance, because such a claim is not favored in Louisiana."[35] To state a detrimental reliance claim, Mr. Carrillo must allege that: (1) Defendants made a representation by word or conduct; (2) he justifiably relied on that representation; and (3) he changed his position to his detriment as a result of that justifiable reliance.[36]

---

[32] *Gulf Coast Bank & Trust Co. v. Warren*, 125 So.3d 1211, 1219 (La. App. 4 Cir. 9/18/13) (citing La. C.C. art. 1759; La. C.C. art. 1983).
[33] *Id.* (citing *Favrot v. Favrot*, 10-0986, p. 12 (La. App. 4 Cir. 2/9/11), 68 So.3d 1099, 1107).
[34] *Id.*
[35] *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 334 (5th Cir. 2007).
[36] *Louisiana Off. of Risk Mgmt. v. Richard*, 2013-0890 (La. 10/15/13), 125 So. 3d 398.

Mr. Carrillo alleges he relied on Mr. Offner's and Mr. Farrae's representation that the Compensation Agreement was an investment when he agreed to sign it.[37] But he does not allege that entering into the Compensation Agreement was detrimental to him. To the contrary, he alleges that by doing so, he received a promotion, a title change, a pay raise, a bonus, and the potential to share in profits and revenue. At the heart of Mr. Carrillo's Complaint is his contention that he is owed additional compensation *because* he entered into the Compensation Agreement. Because Mr. Carrillo has not alleged that he changed his position to his detriment based on anything Defendants allegedly represented to him, he has not stated an actionable detrimental reliance claim.

### D. Mr. Carrillo has not alleged Defendants abused any right by terminating his employment.

The abuse of right doctrine "is applied only in limited circumstances because its application renders unenforceable one's otherwise judicially protected rights."[38] To prove that Defendants abused a legal right available to them, Mr. Carrillo must show that: (1) their predominant motive for exercising the right was to cause harm; (2) there was no serious or legitimate interest in the exercise of the right; (3) the exercise of the right violated moral rules, good faith, or elementary fairness; or (4) the right was exercised for a purpose other than that for which it was granted.[39]

In his Complaint, Mr. Carrillo alleges that Crescent hired him in August 2020, promoted him a higher paying position in November 2022, placed him on a PIP in June 2024, and terminated him before the PIP period expired. Mr. Carrillo does not dispute that Crescent had the legal right to terminate his employment. Instead, he speculates that the termination decision *might* have been

---

[37] R. Doc. No. 1, Compl. at ¶ 49.
[38] *Truschinger v. Pak*, 513 So. 2d 1151, 1154 (La. 1987).
[39] *Magner v. Deas*, 2023-0598 (La. App. 4 Cir. 3/27/24), 401 So. 3d 43, 49.

6

an abuse of that legal right *if* Defendants made the decision to avoid paying him amounts owed under the Compensation Agreement.[40]

The Court should find Mr. Carrillo's allegations insufficient to state an abuse of right claim for two reasons. First, he has not alleged any facts which, if proven, would establish that Defendants terminated his employment to avoid making payments to him under the Compensation Agreement. Second, even if he had alleged such facts, that still would not prove Defendants abused any legal right available to them because the Complaint is still devoid of any facts from which the Court could find or infer that Defendants' predominant motive for terminating Mr. Carrillo's employment was to cause harm; that Defendants had no serious or legitimate interest in terminating Mr. Carrillo's employment; that terminating Mr. Carrillo's employment violated moral rules, good faith, or elementary fairness; or that Defendants exercised their right to terminate Mr. Carrillo's employment for any purpose other than that for which it was granted—which could include terminating his employment so Crescent would no longer be obligated to make payments to him under the Compensation Agreement.

### III.   CONCLUSION

Because Louisiana does not recognize a cause of action for breach of the covenant of good faith and fair dealing that is separate from Mr. Carrillo's breach of contract claim, because Mr. Carrillo did not allege he changed his position to his detriment by entering into the Compensation Agreement, and because Mr. Carrillo did not plead facts from which the Court can find that Defendants abused their legal right to terminate him employment, the Court should dismiss those three claims asserted by Mr. Carrillo.

---

[40] R. Doc. 1, Compl. at ¶ 77 (stating "To the extent that Crescent had a right to terminate Plaintiff but did so in an attempt to avoid paying him the sums due under the addendum [*i.e.*, the Compensation Agreement], that would constitute an abuse of rights.")

Respectfully submitted:

**ADAMS AND REESE, LLP**

*/s/ Elizabeth A. Roussel*
**ELIZABETH A. ROUSSEL** (#27943)
**TAYLOR P. SMITH** (#41421)
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
  taylor.smith@arlaw.com
*Counsel for Defendants*