IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHILIP CARRILLO<br>　　*Plaintiff*,<br><br>v.<br><br>CRESCENT PAYROLL SOLUTIONS, INC., CRESCENT PAYROLL SOLUTIONS LLC, SANDERS OFFNER, and JUSTIN FARRAE,<br><br>　　*Defendants*. | NO. 2:25-cv-01787<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Philip Carrillo ("Carrillo" or "Plaintiff") and files this Unopposed Motion for Leave to Amend his Original Complaint (Doc. 1). In support thereof, Plaintiff would respectfully show the following:

### 1.　　RELEVANT PROCEDURAL & CONFERENCE HISTORY

Plaintiff filed his Original Complaint ("Complaint") on August 30, 2025. *See*, Doc. 1. Defendants filed a Partial Motion to Dismiss on October 31, 2025. *See*, Doc. 6. Counsel for Plaintiff conferred with counsel for Defendants on this Motion and Defendants' counsel indicated Defendants are unopposed.

### II.　　ARGUMENTS AND AUTHORITIES

Federal Rule of Civil Procedure 15 provides that "a party may amend its pleading as a matter of course no later than[] if the pleading is one to which a responsive pleading is required, 21

days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)(B). Moreover, the Supreme Court has held that leave to amend should generally be granted absent reasons such as undue delay, bad faith, prejudice to the opposing party, or futility of the amendment. Denial of a motion to amend is reviewed for abuse of discretion. *Clark v. Dep't of Pub. Safety*, 141 F.4th 653 (5th Cir. 2025) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, Plaintiff moves to amend his Complaint once as a matter of course in lieu of responding to Defendants' Partial Motion to Dismiss. There has been no undue delay here as Plaintiff files this Motion and the attached First Amended Complaint on or before the deadline for the Response to the Motion to Dismiss was due. *See*, Exhibit A: Plaintiff's First Amended Complaint. Similarly, Plaintiff does not amend in bad faith or with futility, but in response to and specifically addressing the deficiencies outlined in Defendants' Partial Motion to Dismiss. Lastly, there is no prejudice to the Defendants as Plaintiff has conferred with Defendants relating to the relief sought in this Motion and provided a copy of the proposed Amended Complaint for review even before this Motion was filed. Further, the amendment seeks to cure the very issues for which Defendants move to dismiss.

### III. CONCLUSION AND PRAYER

Due to the foregoing, Plaintiff hereby moves to amend his Original Complaint, the attached First Amended Complaint be permitted to be filed, and any other relief for which he may be entitled.

[SIGNATURES APPEAR ON THE FOLLOWING PAGE]

Respectfully submitted,

*/s/ William Most*
William Most (La. Bar No. 36914)
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel: (504) 509-5023
Email: *williammost@gmail.com*

Bridget Davidson*
TX Bar No.: 24096858
SPACE CITY LAW FIRM
440 Louisiana St., Ste 1110
Houston, Texas 77002
*bdavidson@spacecitylaw.com*
Tel: 713.568.5305
Fax: 713.583.1107

**Attorneys for Plaintiff**

**Pro hac vice* application has been filed**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Defendants by email on or about November 11 and 12, 2025.

Bridget Davidson