## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO.: 2:25-cv-01787** |
| | * | |
| *Plaintiff,* | * | |
| **VERSUS** | * | **JUDGE: SARAH VANCE** |
| | * | |
| | * | |
| **CRESCENT PAYROLL SOLUTIONS,** | * | **MAGISTRATE JUDGE:** |
| **INC., ET AL.** | * | **EVA DOSSIER** |
| *Defendants* | | |

### ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**NOW COMES** Defendants Crescent Payroll Solutions, LLC f/k/a Crescent Payroll Solutions, Inc. ("Crescent"), Sanders Offner, and Justin Farrae, and respond to the Amended Complaint (the "Complaint") filed by Plaintiff, Philip Carrillo, as follows:

1.

Defendants admit that Carrillo is a former employee of Crescent and that he brings this case, but they deny any liability to him.

2.

Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.

Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.

Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.

Defendants admit that Carrillo filed this suit but deny that he is entitled to the relief he seeks.

6.

Defendants deny the allegations contained in Paragraph 6 of the Complaint for lack of sufficient information to justify a belief therein, except to admit that Carrillo formerly worked for Crescent in this judicial district.

7.

Defendants deny the allegations contained in Paragraph 7 of the Complaint, but admits that Crescent can be served through Sanders Offner at the address identified in the Complaint.

8.

Defendants deny the allegations contained in Paragraph 8 of the Complaint because Crescent Payroll Solutions, Inc. is no longer active, but admit that Crescent Payroll Solutions, Ine. had its principal place of business in Louisiana.

9.

Defendants deny the allegations contained in Paragraph 9 of the Complaint because Crescent Payroll Solutions, Inc. is no longer active, but admit that Crescent Payroll Solutions, Ine. was domiciled in Louisiana.

10.

Defendants admit the allegations contained in Paragraph 10 of the Complaint.

11.

Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.

Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of the Complaint.

14.

Defendants admit the allegations contained in Paragraph 14 of the Complaint.

15.

Defendants admit the allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint, except to admit that Offner signed the Compensation Agreement in his capacity as an owner of Crescent.

17.

Defendants admit the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint, except to admit that Offner signed the Compensation Agreement in his capacity as an owner of Crescent.

19.

Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20.

Defendants admit the allegations contained in Paragraph 20 of the Complaint.

21.

Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22.

Defendants admit that venue is proper in this judicial district.

23.

Defendants admit the allegations contained in Paragraph 23 of the Complaint.

24.

Defendants admit the allegations contained in Paragraph 24 of the Complaint.

25.

Defendants admit the allegations contained in Paragraph 25 of the Complaint.

26.

Defendants deny the allegations contained in Paragraph 26 of the Complaint, except to admit that Offner is an owner of Crescent.

27.

Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28.

Defendants admit the allegations contained in Paragraph 28 of the Complaint.

29.

Defendants admit the allegations contained in Paragraph 29 of the Complaint.

30.

Defendants admit the allegations contained in Paragraph 30 of the Complaint.

31.

Defendants admit the allegations contained in Paragraph 31 of the Complaint.

32.

Defendants admit the allegations contained in Paragraph 32 of the Complaint.

33.

Defendants admit the allegations contained in Paragraph 33 of the Complaint.

34.

Defendants admit the allegations contained in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of the Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of the Complaint, but admit Carrillo and Crescent entered into a Compensation Agreement on November 17, 2022.

39.

Defendants deny the allegations contained in Paragraph 39 of the Complaint, except to admit the existence of the Compensation Agreement which speaks for itself and is the best evidence of its content.

40.

Defendants admit that Paragraph 40 contains a copy of the entirety of the Compensation Agreement.

41.

Defendants admit the Compensation Agreement and the Employment Agreement are different.

42.

Defendants admit the allegations contained in Paragraph 42 of the Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of the Complaint, except to admit Sanders Offner signed the Employment Agreement on behalf of Crescent. The Employment Agreement is the best evidence of its content.

44.

Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47.

Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48.

Defendants admit Crescent drafted the Compensation Agreement.

49.

Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50.

Defendants deny the allegations contained in Paragraph 50 of the Complaint for lack of sufficient information to justify a belief therein.

51.

Defendants deny the allegations contained in Paragraph 51 of the Complaint for lack of sufficient information to justify a belief therein, except to admit that Carrillo told Crescent he planned to move to Houston in later 2023 or early 2024.

52.

Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.

Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54.

Defendants deny the allegations contained in Paragraph 54 of the Complaint.

55.

Defendants admit the allegations contained in Paragraph 55 of the Complaint.

56.

Defendants admit the allegations contained in Paragraph 56 of the Complaint.

57.

Defendants deny the allegations contained in Paragraph 57 of the Complaint, but admit that Carrillo's subordinates complained that he was disengaged and non-responsive to emails.

58.

Defendants admit that Crescent terminated Carrillo on June 24, 2024 based on new information they learned after putting him on the PIP revealing that his lack of engagement and non-responsiveness was more egregious than they knew before they put him on the PIP.

59.

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60.

Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61.

Defendants deny the allegations contained in Paragraph 61 of the Complaint as written, but admit that Farrae divested himself of his ownership interest in Crescent before Carrillo filed this lawsuit and Offner divested himself of some of his ownership interest in Crescent before Carrillo filed this lawsuit.

62.

Defendants deny the allegations contained in Paragraph 62 of the Complaint. Further answering, Crescent paid Carrillo all amounts owed to him upon his separation from employment with the company.

63.

Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64.

Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65.

Defendants incorporate their responses to Paragraphs 1-64 in response to Paragraph 65 of the Complaint.

66.

Defendants admit the allegations contained in Paragraph 66 of the Complaint.

67.

Defendants deny the allegations contained in Paragraph 67 of the Complaint, except to admit the existence of the Employment Agreement which is the best evidence of its content.

68.

Defendants deny the allegations contained in Paragraph 68 of the Complaint, but admit the existence of the Compensation Agreement dated November 17, 2022, but signed on November 30, 2022, which is the best evidence of its content.

69.

Defendants deny the allegations contained in Paragraph 69 of the Complaint, but admit the existence of the Compensation Agreement dated November 17, 2022, but signed on November 30, 2022, which is the best evidence of its content.

70.

Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71.

Defendants deny the allegations contained in Paragraph 71 of the Complaint.

72.

Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74.

Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75.

The allegations contained in Paragraph 75 of the Complaint state a legal conclusion, which requires no response from Defendants. Further answering, the case cited is the best evidence of its content.

76.

The allegations contained in Paragraph 76 of the Complaint state a legal conclusion, which requires no response from Defendants. However, they admit the existence of La. Civ. Code art. 1967, which is the best evidence of its content.

77.

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78.

Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79.

Defendants deny the allegations contained in Paragraph 79 of the Complaint for the lack of sufficient information to justify a belief therein.

80.

Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81.

Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82.

Defendants deny the allegations contained in Paragraph 82 of the Complaint.

83.

Defendants deny the allegations contained in Paragraph 83 of the Complaint for the lack of sufficient information to justify a belief therein.

84.

Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85.

The allegations contained in Paragraph 85 of the Complaint state a legal conclusion, which requires no response from Defendants. Further answering, the case cited is the best evidence of its content.

86.

Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87.

Defendants deny the allegations contained in Paragraph 87 of the Complaint except to admit that Plaintiff was placed on PIP and was terminated on June 24, 2024 based on new information they learned after putting him on the PIP revealing that his lack of engagement and non-responsiveness was more egregious than they knew before they put him on the PIP.

88.

Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89.

Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90.

Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91.

Defendants deny the allegations contained in Paragraph 91 of the Complaint.

92.

Defendants deny the allegations contained in Paragraph 92 of the Complaint.

93.

Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94.

Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95.

Defendants deny the allegations contained in Paragraph 95 of the Complaint.

96.

The allegations contained in Paragraph 96 of the Complaint state a legal conclusion, which requires no response from Defendants. Further answering, Defendants deny the allegations contained in Paragraph 96 of the Complaint.

97.

Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98.

Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99.

The allegations contained in Paragraph 99 of the Complaint state a legal conclusion, which requires no response from Defendants. Further answering, the case cited is the best evidence of its content.

100.

Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101.

Defendants incorporate their responses to Paragraphs 1-100 in response to Paragraph 101 of the Complaint.

102.

Defendants deny the allegations in Paragraph 102, except to admit the existence of the Employment Agreement, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

103.

Defendants deny the allegations in Paragraph 103, except to admit the existence of the Employment Agreement, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

104.

Defendants deny the allegations in Paragraph 104, except to admit the existence of the Employment Agreement, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to

enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

105.

The allegations in Paragraph 105 states a legal conclusion which requires no response from Defendants, but is denied. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

106.

The allegations contained in Paragraph 106 of the Complaint state a legal conclusion, which requires no response from Defendants. However, they admit the existence of La. R.S. 23:921, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

107.

The allegations contained in Paragraph 107 of the Complaint state a legal conclusion, which requires no response from Defendants. Further answering, the case cited is the best evidence of its content. Still further answering, upon information and belief Carrillo has been

living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

108.

The allegations in Paragraph 108 states a legal conclusion which requires no response from Defendants, but is denied. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

109.

Defendants deny the allegations in Paragraph 109, except to admit the existence of the Employment Agreement, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

110.

Defendants deny the allegations in Paragraph 110, except to admit the existence of the Employment Agreement, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

111.

Defendants deny the allegations in Paragraph 111, except to admit the existence of the Employment Agreement, which is the best evidence of its content. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

112.

The allegations in Paragraph 112 states a legal conclusion which requires no response from Defendants, but is denied. Further answering, upon information and belief Carrillo has been living and working in Texas since before Crescent terminated his employment, which is outside of the geographic scope of the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. In any event, Crescent has not sought to enforce and does not intend to seek to

enforce the Covenant Not to Compete in Paragraph 6 of the Employment Agreement. It will stipulate to releasing Mr. Carrillo from any such obligation.

113.

Defendants deny that Carrillo is entitled to the relief he seeks, but admits he has demanded a trial by jury.

WHEREFORE, Defendants pray that this Answer be deemed good and sufficient and that after due proceedings are had, the Court dismiss Carrillo's claims, with prejudice and at his cost.

Respectfully submitted:

**ADAMS & REESE, LLP**

*/s/ Taylor P. Smith*
**ELIZABETH A. ROUSSEL (#27943)**
**TAYLOR P. SMITH (#41421)**
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
        taylor.smith@arlaw.com
***Counsel for Defendants***