**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| **VERSUS** | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | **MAGISTRATE: EVA J. DOSSIER** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES TO JUSTIN FARRAE**

Defendant, Justin Farrae, responds to the interrogatories served by Plaintiff, Philip Carrillo as follows:

1. Identify and describe your job title(s), duties, and responsibilities with one or both of the company Defendants in this suit, Crescent Payroll Solutions, Inc. and Crescent Payroll Solutions, LLC, from January 1, 2020 to January 1, 2025.

   Mr. Farrae was the Vice President and an owner of Crescent Payroll Solutions, Inc. In his role as Vice President, Mr. Farrae was responsible for handling day-to-day operational issues for the company, other than human resources. Mr. Farrae has no ownership interest in Crescent Payroll Solutions, LLC or job title, duties, or responsibilities vis-à-vis Crescent Payroll Solutions, LLC.

2. Describe your involvement or input in the decision to hire Plaintiff, including all discussions or evaluations you participated in regarding Plaintiff's qualifications.

   Mr. Farrae participated in the decision to hire Plaintiff. He does not recall all discussions or evaluations he participated in regarding Plaintiff's qualifications, but does recall understanding that Plaintiff specialized in recruiting in the jobs he held before he applied to work at Crescent Payroll Solutions, Inc. and that Plaintiff and would need to round out his knowledge of HR by obtaining additional education. For this reason, the company facilitated him getting SHRM-certified post-hire.

3. Describe the affiliation between you, Crescent Payroll Solutions, LLC and Crescent Payroll Solutions, LLC.

   This interrogatory refers to Crescent Payroll Solutions, LLC twice. Mr. Farrae assumes Plaintiff intended to refer to Crescent Payroll Solutions, Inc. and Crescent Payroll Solutions, LLC. Mr. Farrae was an owner and the Vice President of Crescent Payroll Solutions, Inc. He has no ownership interest in Crescent Payroll Solutions, LLC or job title, duties, or responsibilities vis-à-vis Crescent Payroll Solutions, LLC.

**EXHIBIT D**

4. Describe any discussions, conversations, communications, or correspondence you had with Plaintiff relating to any negotiation of any written agreement(s) or contract(s) in which you were a signing or party prior to the execution of the same.

   Mr. Farrae objects to this request because it is vague, overbroad, and seeks information that is irrelevant and disproportional to the needs of this case to the extent it is not limited to contracts between Crescent Payroll Solutions, Inc. and Plaintiff. Subject to and without waiving these objections, the only contracts Mr. Farrae recalls discussing or negotiating between Crescent Payroll Solutions, Inc. and Plaintiff are the Employment Agreement and Compensation Agreement.

   With respect to the Employment Agreement, Mr. Farrae recalls that when the company hired Plaintiff, it knew there would be no revenue immediately to support his expense. For that reason, it structured his compensation to increase over time, as the company hoped and expected his work would generate revenue to offset the expense associated with employing him.

   With respect to the Compensation Agreement, Mr. Farrae recalls sitting in a conference room with Plaintiff and talking about the potential for Plaintiff's compensation to increase if he was successful in expanding EmpactHR and RPO (Recruiting Process Outsource). Mr. Farrae recalls discussing the proposed profit-sharing arrangement with Plaintiff and modeling how much compensation Plaintiff could earn under the formulas if he was successful in his role. Mr. Farrae also recalls that Plaintiff wanted to change his title. Although Plaintiff's job duties did not change, the company had no objection to allowing Plaintiff to have the title change he requested. Mr. Farrae recalls that Sanders Offner offered Plaintiff the one-time bonus because the company declined the base salary increase he requested.

5. State any and all representations you made to Plaintiff regarding his entitlement, in the past, present, or future tense, to profit-sharing, revenue-sharing, bonuses, or profit participation, including whether you described any agreement(s) or contract(s) as an "investment."

   Mr. Farrae recalls discussing Plaintiff's desire to earn a share of Crescent Payroll Solutions, Inc.'s profits and a bonus. Those discussions ultimately culminated in the agreement reflected in the Compensation Agreement. Mr. Farrae did not describe the Compensation Agreement as an investment. Nor did Plaintiff make any financial investment in the company. As stated above, Mr. Farrae recalls sitting in a conference room with Plaintiff and talking about the potential for Plaintiff's compensation to increase if he was successful in expanding EmpactHR and RPO (Recruiting Process Outsource). Mr. Farrae recalls discussing the proposed profit-sharing arrangement with Plaintiff and modeling how much compensation Plaintiff could earn under the formulas if he was successful in his role

6. Identify any and all complaints you received about Plaintiff's performance. For each complaint, including:

   a. The full name, email address, telephone number, and mailing address of the individual who made the complaint;
   b. What was said with regards to the complaint;
   c. What your response to the complaint was;
   d. The date the complaint was reported or logged; and
   e. Whether any documents exist relating to the complaint.

   Mr. Farrae objects to this request because it is overly broad and burdensome and seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving this objection, Mr. Farrae does not recall every complaint he received about Plaintiff's performance in the nearly four years he worked for Crescent Payroll Solutions, Inc. The only complaints that relate to Crescent Payroll Solutions, Inc.'s reason for terminating Plaintiff's employment are the complaints made by the employees he was responsible for supervising and working with, Connor Boleware and Alex Vial, both of whom are current employees of Crescent Payroll Solutions, LLC and can be contacted through counsel. As stated in Plaintiff's PIP, they complained that Plaintiff had not been engaged, attentive to his staff, clients or job responsibilities for months after he had a difficult separation from his long-time partner and, as a result, moved to Houston. Mr. Farrae recalls that Jessica Johnson asked Messrs. Boleware and Vial if they wanted to discuss their concerns directly with Plaintiff or have the company address them. They said they wanted to discuss their concerns directly with Plaintiff before the company did, which is what occurred. Mr. Farrae understands Plaintiff acknowledged their concerns and said he would work to address them after he returned from a planned vacation. After the vacation, the same employees reported that circumstances had not improved since their discussion with Plaintiff and said something to the effect that he would be "stepping away from the business to work on personal items" or "disengaging from the business to work on personal items."

7. Identify any written agreement(s) or contracts wherein you and Plaintiff were a party.

   None. Crescent Payroll Solutions, Inc. entered into a written Employment Agreement and Compensation Agreement with Plaintiff. Mr. Farrae signed the Compensation Agreement on behalf of Crescent Payroll Solutions, Inc. in his capacity as Vice President, but he was not a party to the agreement.

8. For each written agreement listed in response to Interrogatory No. 7, identify the individual(s) that you know to have had input in or part in drafting any written agreement that was signed by both Plaintiff and you in this suit from January 1, 2020 to the present.

   Not applicable.

9. If you contend any contract or written agreement(s) or contract(s) made the basis of this suit is not a valid contract, state the factual basis for this contention.

   The only contracts that Mr. Farrae understands form the basis of this suit are the Employment Agreement and Compensation Agreement. Mr. Farrae does not contend either of those contracts is invalid.

10. Describe your role in placing Plaintiff on a performance improvement plan at any point from 2020-2024, including all facts you relied upon in determining that the performance improvement plan was warranted.

    Mr. Farrae did not have a role in placing Plaintiff of a performance improvement plan.

11. Describe all the discipline considered for Plaintiff other than and prior to any issuance of a performance improvement plan.

    None. Mr. Farrae did not have a role in placing Plaintiff of a performance improvement plan.

12. Identify all lawsuits in which you have been a party in the last ten (10) years. For each lawsuit, state:

    a. Whether you were a Plaintiff or Defendant or other type of party (ex. Third-Party Defendant);
    b. The case or cause number of each lawsuit;
    c. The court the lawsuit was filed in;
    d. The disposition of the lawsuit; and
    e. The name of the attorney(s) representing the company.

    None.

13. Describe any conversation(s) or communication(s), written or unwritten, formal or informal, that took place between you and Plaintiff relating to Plaintiff's relocation to Houston.

    Mr. Farrae objects to this request because it is overly broad and seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Mr. Farrae recalls discussing Plaintiff's request to move to Houston with Mr. Offner, but not with Plaintiff.

14. Describe in detail your involvement in Plaintiff's termination of employment from any Defendants in this suit, including all conversations you participated in regarding the timing of the termination.

    Mr. Farrae recalls that after Plaintiff moved to Houston and his subordinates complained that the fully remote work arrangement was not working, he discussed the problem with

Sanders Offner and Jessica Johnson. He understood they had agreed to terminate Plaintiff's employment. Mr. Farrae believes Jennifer France, Greyson Reno, Jessica Johnson, and Sanders Offner were all parties to the conversation where he understood the decision was made to terminate Plaintiff's employment. Later, Mr. Farrae learned that they put Plaintiff on PIP instead. When he found out they did that, Mr. Farrae was furious and let them know he did not agree with the decision and believed the company should terminate Plaintiff's employment. Mr. Farrae did some additional investigation by looking at Plaintiff's emails, which indicated Plaintiff was not devoting much, if any, time to his work. After Mr. Farrae shared that information and his opinion that Crescent Payroll Solutions, Inc. should immediately terminate Plaintiff's employment rather than wait to see if his performance improved in response to the PIP, they decided to terminate Plaintiff's employment and Mr. Offner notified Plaintiff of the decision.

15. Identify any discussions you had with anyone—including any executives of the company Defendants in this suit—about whether terminating Plaintiff would relief you personally from paying profit- or revenue-sharing under any written agreement or contract wherein Plaintiff was a party.

    None. Mr. Farrae did not have any personal responsibility to pay Plaintiff anything. He also did not discuss Plaintiff's compensation or anything relating to profit- or revenue-sharing with anyone in connection with deciding to terminate Plaintiff's employment because that was not a factor in the decision.

16. State whether you approved or encouraged Plaintiff's remote work arrangement after any relocation by Plaintiff, including to Houston, Texas, and describe all communication you had with Plaintiff regarding that approval.

    Mr. Farrae did not encourage or approve of the decision to allow Plaintiff to work remotely after he decided to move to Houston after a bad breakup. Mr. Farrae did not believe Crescent Payroll Solutions, Inc. should continue to allow Plaintiff to work for the company in the same role on a fully remote basis from another state. He shared that view with Sanders Offner. Mr. Offner agreed to try the remote work experiment, which ultimately failed. Mr. Farrae does not recall any conversations with Plaintiff about the remote work arrangement.

17. Describe any actions you took that affected Plaintiff's employment status, compensation, or eligibility for profit- or revenue-sharing and state your reasons for taking those actions.

    Mr. Farrae was involved in hiring Plaintiff and determining what his role would be and how he would be compensated. That is reflected in Plaintiff's Employment Agreement. Mr. Farrae's reason for hiring Plaintiff was for him to stand up a fractional HR division of Crescent Payroll Solutions, Inc.

    Mr. Farrae was also involved in negotiating and putting in place the Compensation Agreement. Plaintiff's role and responsibilities did not change in connection with that agreement, but his title and compensation did. The agreement reached is reflected in the

Compensation Agreement. Crescent Payroll Solutions, Inc. entered into that agreement because Plaintiff indicated he wanted a title change, raise, bonus, and opportunity to participate in profit-sharing.

Mr. Farrae recommended terminating Plaintiff's employment after, as he suspected would be the case, Plaintiff was unsuccessful at managing his team remotely, apparently was not devoting much, if any, time to his job after he moved to Houston, was disengaged, and told his subordinates he would remain that way because he was dealing with personal issues.

18. Identify all communications you had with anyone regarding Plaintiff's job performance, remote work, compensation rights, or continued employment with any company Defendant after Plaintiff relocated to Houston, Texas.

Mr. Farrae objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Mr. Farrae recalls telling Sanders Offner and Jessica Johnson that he did not support allowing Plaintiff to work remotely from Houston doing the same job he had been doing in Louisiana. He also recalls taking to Ms. Johnson and Mr. Offner about complaints Plaintiff's subordinates made about his job performance after Plaintiff moved to Houston. Specifically, he recalls discussion about Plaintiff being unavailable, uncommitted, disengaged, and distracted by personal matters. Mr. Farrae recalls telling Mr. Offner and Ms. Johnson he disagreed with their decision to put Plaintiff on a PIP, that he believed Crescent Payroll Solutions, Inc. should terminate his employment, and about the information he learned by looking at Plaintiff's emails.

Mr. Farrae does not recall any discussions with anyone about Plaintiff's compensation after Plaintiff relocated to Houston.

Respectfully submitted:

**ADAMS AND REESE LLP**

*<u>/s Elizabeth A. Roussel</u>*
**ELIZABETH A. ROUSSEL** (#27943)
**TAYLOR P. SMITH** (#41421)
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
taylor.smith@arlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing discovery were served upon Plaintiff's counsel by email on March 20, 2026.

*/s Elizabeth A. Roussel*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

I, Justin Farrae, verify that the foregoing responses to Plaintiff's First Set of Interrogatories to me are true and correct to the best of my knowledge.

Justin Farrae

3/12/2026

Date