**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO SANDERS OFFNER**

Defendant, Sanders Offner, responds to the interrogatories served by Plaintiff, Philip Carrillo as follows:

1. Identify and describe your job title(s), duties, and responsibilities with one or both of the company Defendants in this suit, Crescent Payroll Solutions, Inc. and Crescent Payroll Solutions, LLC, from January 1, 2020 to January 1, 2025.

   Mr. Offner was the founder, owner, and President of Crescent Payroll Solutions, Inc. In that role, he had primarily responsibility for sales and business development and developing the strategic vision for the company. Mr. Offner currently is an owner and the President of Crescent Payroll Solutions, LLC. In that role, his responsibilities are the same.

2. Describe your involvement or input in the decision to hire Plaintiff, including all discussions or evaluations you participated in regarding Plaintiff's qualifications.

   Mr. Offner participated in the decision to hire Plaintiff. He does not recall all discussions or evaluations he participated in regarding Plaintiff's qualifications, but does recall that he connected with Plaintiff on LinkedIn. Crescent Payroll Solutions, Inc. was looking for a dynamic individual who could support the sales side of bringing on new HR deals, but also someone who was versed enough in HR to do the work. Plaintiff's profile suggested he had that experience. Mr. Offner recalls a couple phone discussions with Plaintiff and recalls that Plaintiff came into the office and met with him, Justin Farrae, and Rema Gray. The company hired him shortly thereafter.

3. Describe the affiliation between you, Crescent Payroll Solutions, LLC and Crescent Payroll Solutions, LLC.

   This interrogatory refers to Crescent Payroll Solutions, LLC twice. Mr. Offner assumes Plaintiff intended to refer to Crescent Payroll Solutions, Inc. and Crescent Payroll Solutions, LLC. Mr. Offner was the founder, owner and President of Crescent Payroll

EXHIBIT
E

Solutions, Inc. He is now the owner of CPS Interests, LLC which is a member of Crescent Payroll Solutions, LLC. He remains the President of Crescent Payroll Solutions, LLC.

4. Describe any discussions, conversations, communications, or correspondence you had with Plaintiff relating to any negotiation of any written agreement(s) or contract(s) in which you were a signing or party prior to the execution of the same.

   Mr. Offner objects to this request because it is vague, overbroad, and seeks information that is irrelevant and disproportional to the needs of this case to the extent it is not limited to contracts between Crescent Payroll Solutions, Inc. and Plaintiff. Subject to and without waiving these objections, the only contracts Mr. Offner recalls discussing or negotiating between Crescent Payroll Solutions, Inc. and Plaintiff are the Employment Agreement and Compensation Agreement.

   Mr. Offner believes Rema Gray prepared the Employment Agreement. Mr. Offner does not recall any negotiation specifically regarding its terms. He does recall that Plaintiff wanted to earn a certain amount of money. Crescent Payroll Solutions, Inc. set his base compensation lower than that number, but overtime it stepped up to the amount Plaintiff originally indicated he was seeking.

   With respect to the Compensation Agreement, Mr. Offner recalls that Plaintiff approached him and Mr. Farrae to request a salary increase to $120,000/year. Instead of agreeing to Plaintiff's request, Mr. Offner and Mr. Farrae proposed paying Plaintiff a one-time bonus and enabling him to earn profit-sharing payments. Mr. Offner also recalls that Plaintiff requested a title change. Although Plaintiff's job duties did not change, the company had no objection to Plaintiff's request to change his title.

5. State any and all representations you made to Plaintiff regarding his entitlement, in the past, present, or future tense, to profit-sharing, revenue-sharing, bonuses, or profit participation, including whether you described any agreement(s) or contract(s) as an "investment."

   Please see the response to Interrogatory No. 4. In response to Plaintiff's request for a salary increase, Mr. Offner and Mr. Farrae proposed, in the alternative, a one-time bonus and potential for profit-sharing. Those discussions ultimately culminated in the agreement reflected in the Compensation Agreement. Mr. Offner did not describe the Compensation Agreement as an investment.

6. Identify any and all complaints you received about Plaintiff's performance. For each complaint, including:

   a. The full name, email address, telephone number, and mailing address of the individual who made the complaint;
   b. What was said with regards to the complaint;
   c. What your response to the complaint was;
   d. The date the complaint was reported or logged; and

e. Whether any documents exist relating to the complaint.

Mr. Offner objects to this request because it is overly broad and burdensome and seeks information that is irrelevant and disproportional to the needs of this case. Subject to and without waiving this objection, Mr. Offner does not recall every complaint he received about Plaintiff's performance in the nearly four years Plaintiff worked for Crescent Payroll Solutions, Inc. The only complaints that relate to Crescent Payroll Solutions, Inc.'s reason for terminating Plaintiff's employment are the complaints made by the employees he was responsible for supervising and working with, Connor Boleware and Alex Vial, both of whom are current employees of Crescent Payroll Solutions, LLC and can be contacted through counsel.

Mr. Boleware and Mr. Vial complained about Plaintiff's lack of availability. As stated in Plaintiff's PIP, they complained that Plaintiff had not been engaged, attentive to his staff, clients or job responsibilities for months after he had a difficult separation from his long-time partner and, as a result, moved to Houston. Mr. Offner recalls that Jessica Johnson asked Messrs. Boleware and Vial if they wanted to discuss their concerns directly with Plaintiff or have the company address them. They said they wanted to discuss their concerns directly with Plaintiff before the company did, which is what occurred. Mr. Offner understands Plaintiff acknowledged their concerns and said he would work to address them after he returned from a planned vacation. After the vacation, the same employees reported that circumstances had not improved since their discussion with Plaintiff. They said Plaintiff told them he would continue to be disengaged and disconnected for the foreseeable future because he was dealing with matters in his personal life.

Mr. Farrae also complained about Plaintiff. Mr. Farrae's complaints generally related to his believe that Plaintiff was not putting his full-time and best effort into doing his job. Mr. Offner recalls, for instance, Mr. Farrae complaining on one occasion that Plaintiff was not at work because he was getting a botox treatment mid-day during a work day.

7. Identify any written agreement(s) or contracts wherein you and Plaintiff were a party.

   None. Crescent Payroll Solutions, Inc. entered into a written Employment Agreement and Compensation Agreement with Plaintiff. Mr. Offner signed both of those agreements on behalf of Crescent Payroll Solutions, Inc., but he was not a party to either of them.

8. For each written agreement listed in response to Interrogatory No. 7, identify the individual(s) that you know to have had input in or part in drafting any written agreement that was signed by both Plaintiff and you in this suit from January 1, 2020 to the present.

   Not applicable.

9. If you contend any contract or written agreement(s) or contract(s) made the basis of this suit is not a valid contract, state the factual basis for this contention.

The only contracts that Mr. Offner understands form the basis of this suit are the Employment Agreement and Compensation Agreement. Mr. Offner does not contend either of those contracts is invalid.

10. Describe your role in placing Plaintiff on a performance improvement plan at any point from 2020-2024, including all facts you relied upon in determining that the performance improvement plan was warranted.

    Mr. Offner was involved in placing Plaintiff on a PIP in June 2024. Before placing Plaintiff on a PIP, Mr. Offner spoke with Connor Boleware and Alex Vial. They both said they were having problems with Plaintiff being disengaged and inattentive to his job duties. They reported that they spoke with Plaintiff about their concerns, but the problems continued. They also told Mr. Offner that Plaintiff told them they should expect him to be disengaged from work for a period of time due to problems in his personal life. After speaking with Messrs. Boleware and Vial, Mr. Offner coordinated with Jessica Johnson to prepare a PIP for Plaintiff and they met with Plaintiff to discuss it.

11. Describe all the discipline considered for Plaintiff other than and prior to any issuance of a performance improvement plan.

    Mr. Offner considered Mr. Farrae's complaints and concerns about Plaintiff and the fact that Messrs. Boleware and Vial had complained about Plaintiff's lack of engagement and poor performance and their unsuccessful attempt to address their concerns with him directly before putting Plaintiff on a PIP.

12. Identify all lawsuits in which you have been a party in the last ten (10) years. For each lawsuit, state:

    a. Whether you were a Plaintiff or Defendant or other type of party (ex. Third-Party Defendant);
    b. The case or cause number of each lawsuit;
    c. The court the lawsuit was filed in;
    d. The disposition of the lawsuit; and
    e. The name of the attorney(s) representing the company.

    Mr. Offner objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Mr. Offner recalls that he was a party to a lawsuit filed by BFM Corp. in 2016. He believe the suit was filed in New Orleans, but does not recall the other details requested about the suit, in which the claims against him were dismissed.

13. Describe any conversation(s) or communication(s), written or unwritten, formal or informal, that took place between you and Plaintiff relating to Plaintiff's relocation to Houston.

Mr. Offner objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Mr. Offner recalls that after Plaintiff informed him that he would be moving to Houston, Mr. Offner discussed having him switch roles and work as a sales manager because he was concerned about Plaintiff's ability to manage and supervise his team from another state. Plaintiff refused that idea. Eventually, Mr. Offner agreed to allow Plaintiff to remain in his role with the understanding that his job duties would not change and neither would the company's expectations of him. Mr. Offner recalls communicating that Plaintiff needed to remain a visible figure in management, even if he was working fully remotely from another state. Mr. Offner also expected Plaintiff to return to Louisiana and be in the office at least quarterly and recalls communicating that expectation to Plaintiff.

14. Describe in detail your involvement in Plaintiff's termination of employment from any Defendants in this suit, including all conversations you participated in regarding the timing of the termination.

Mr. Offner notified Plaintiff of Crescent Payroll Solutions, Inc.'s decision to terminate his employment by phone. After Mr. Offner and Ms. Johnson put Plaintiff on the PIP, they told Mr. Farrae they had done so. Mr. Farrae disagreed with the decision and believed the company should terminate Plaintiff's employment. Mr. Farrae told Mr. Offner he did some additional investigation by looking at Plaintiff's emails, which indicated Plaintiff was not devoting much, if any, time to his work. After Mr. Farrae shared that information and his opinion that Crescent Payroll Solutions, Inc. should immediately terminate Plaintiff's employment rather than wait to see if his performance improved in response to the PIP. The company decided to terminate Plaintiff's employment and Mr. Offner notified Plaintiff of the decision.

15. Identify any discussions you had with anyone—including any executives of the company Defendants in this suit—about whether terminating Plaintiff would relieve you personally from paying profit- or revenue-sharing under any written agreement or contract wherein Plaintiff was a party.

None. Mr. Offner did not have any personal responsibility to pay Plaintiff anything. He also did not discuss Plaintiff's compensation or anything relating to profit- or revenue-sharing with anyone in connection with deciding to terminate Plaintiff's employment because that was not a factor in the decision.

16. State whether you approved or encouraged Plaintiff's remote work arrangement after any relocation by Plaintiff, including to Houston, Texas, and describe all communication you had with Plaintiff regarding that approval.

Mr. Offner objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Mr. Offner recalls that after Plaintiff informed

him that he would be moving to Houston, Mr. Offner discussed having him switch roles and work as a sales manager because he was concerned about Plaintiff's ability to manage and supervise his team from another state. Plaintiff refused that idea. Mr. Offner did not encourage Plaintiff to work remotely. Rather, he eventually agreed to try that and to allow Plaintiff to remain in his role with the understanding that his job duties would not change and neither would the company's expectations of him. Mr. Offner recalls communicating that Plaintiff needed to remain a visible figure in management, even if he was working fully remotely from another state. Mr. Offner also expected Plaintiff to return to Louisiana and be in the office at least quarterly and recalls communicating that expectation to Plaintiff.

17. Describe any actions you took that affected Plaintiff's employment status, compensation, or eligibility for profit- or revenue-sharing and state your reasons for taking those actions.

Mr. Offner was involved in hiring Plaintiff and determining what his role would be and how he would be compensated. That is reflected in Plaintiff's Employment Agreement. Mr. Offner's reason for hiring Plaintiff was for him to stand up a fractional HR division of Crescent Payroll Solutions, Inc.

Mr. Offner was also involved in negotiating and putting in place the Compensation Agreement. Plaintiff's role and responsibilities did not change in connection with that agreement, but his title and compensation did. The agreement reached is reflected in the Compensation Agreement. Crescent Payroll Solutions, Inc. entered into that agreement after Plaintiff requested a salary increase. The company was not agreeable to giving him the salary increase he requested, but counter-proposed to give him a one-time bonus and profit-sharing opportunity, which he agreed to.

Mr. Offner terminated Plaintiff's employment for poor performance because the remote work arrangement he agreed to allow did not work. Plaintiff was unsuccessful at managing his team of employees remotely from Houston. He was unavailable when needed, disengaged, and non-responsive. His emails indicate he was barely working, which is consistent with what his subordinates reported and what they told the company Plaintiff told them.

18. Identify all communications you had with anyone regarding Plaintiff's job performance, remote work, compensation rights, or continued employment with any company Defendant after Plaintiff relocated to Houston, Texas.

Mr. Offner objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Mr. Offner recalls that after Plaintiff informed him that he would be moving to Houston, Mr. Offner discussed having him switch roles and work as a sales manager because he was concerned about Plaintiff's ability to manage and supervise his team from another state. Plaintiff refused that idea. Mr. Offner did not encourage Plaintiff to work remotely. Rather, he eventually agreed to try that and to allow Plaintiff to remain in his role with the understanding that his job duties would not change

and neither would the company's expectations of him. Mr. Offner recalls communicating that Plaintiff needed to remain a visible figure in management, even if he was working fully remotely from another state. Mr. Offner also expected Plaintiff to return to Louisiana and be in the office at least quarterly and recalls communicating that expectation to Plaintiff.

Mr. Offner also recalls speaking with Connor Boleware and Alex Vial about Plaintiff's job performance. They both said they were having problems with Plaintiff being disengaged and inattentive to his job duties. They reported that they spoke with Plaintiff about their concerns, but the problems continued. They also told Mr. Offner that Plaintiff had told them they should expect him to be disengaged from work for a period of time due to problems in his personal life. After speaking with Messrs. Boleware and Vial, Mr. Sanders spoke with Jessica Johnson to prepare a PIP for Plaintiff and they met with Plaintiff to discuss it.

Mr. Offner also recalls speaking with Justin Farrae about Plaintiff's job performance, the failed remote work arrangement, the information Mr. Farrae discovered after he learned Crescent Payroll Solutions, Inc. put Plaintiff on a PIP, and the decision to terminate Plaintiff's employment for performance reasons.

Mr. Offner also recalls speaking with Jessica Johnson about Plaintiff's job performance, the PIP, and ultimately the decision to terminate Plaintiff's employment for performance reasons.

Finally, Mr. Offner recalls that Plaintiff's job performance was discuss at leadership meetings.

Mr. Offner does not recall any discussions with anyone about Plaintiff's compensation after Plaintiff relocated to Houston.

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s Elizabeth A. Roussel*
**ELIZABETH A. ROUSSEL** (#27943)
**TAYLOR P. SMITH** (#41421)
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
taylor.smith@arlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing discovery were served upon Plaintiff's counsel by email on March 20, 2026.

*/s Elizabeth A. Roussel*

(1)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**VERIFICATION**

I, Sanders Offner, verify that the foregoing responses to Plaintiff's First Set of Interrogatories to me are true and correct to the best of my knowledge.

Sanders Offner

3-17-26

Date