**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**RESPONSE TO PLAINTIFF'S**
**FIRST SET OF INTERROGATORIES TO CRESCENT PAYROLL SOLUTIONS, INC.**

Defendant, Crescent Payroll Solutions, Inc., responds to the interrogatories served by Plaintiff, Philip Carrillo as follows:

1. Identify the individual(s) who assisted in preparing and/or provided the answers to these interrogatories.

   Sanders Offner and Jessica Johnson.

2. Identify all the owners, directors, managing members, or other individual that holds and ownership interest in Crescent Payroll Solutions, Inc.

   None. Crescent Payroll Solutions, Inc. did an F reorganization in May 2025 in which it was dissolved.

3. Describe the affiliation between Crescent Payroll Solutions, Inc. and Crescent Payroll Solutions, LLC.

   Crescent Payroll Solutions, Inc. did an F reorganization in May 2025 in which it dissolved and Crescent Payroll Solutions, LLC was formed to conduct business going forward.

4. Describe the relationship between Plaintiff, Crescent Payroll Solutions, Inc., and Crescent Payroll Solutions, LLC (e.g., both entities were joint employer of Plaintiff, one was an employer and one was a subsidiary, etc.)

   Crescent Payroll Solutions, Inc. employed Plaintiff. Plaintiff had no relationship with Crescent Payroll Solutions, LLC. That entity was not organized until May 2025 and Crescent Payroll Solutions, Inc. terminated Plaintiff's employment in June 2024.

5. Identify the individual(s) at Crescent Payroll Solutions, Inc. that interviewed Plaintiff for his first role with this Defendant or any company Defendant in this suit.

**EXHIBIT G**

Sanders Offner and Justin Farrae and Rema Gray.

6. Identify any written agreement or contract wherein Plaintiff and Crescent Payroll Solutions, Inc. were a party.

   The Employment Agreement and the Compensation Agreement.

7. For each written agreement listed in response to Interrogatory No. 6, identify the individual(s) that you know to have had input in or part in drafting any written agreement that was signed by both Plaintiff and you in this suit from January 1, 2020 to the present.

   Rema Gray.

8. If you contend any contract or written agreement(s) or contract(s) made the basis of this suit is not a valid contract, state the factual basis for this contention.

   The only contracts that Crescent Payroll Solutions, Inc. understands form the basis of this suit are the Employment Agreement and Compensation Agreement. It does not contend either of those contracts is invalid.

9. If Defendant contends the Contract Addendum made the basis of this suit is not a valid contract, state the basis for this contention.

   Crescent Payroll Solutions, Inc. assumes this interrogatory refers to the Compensation Agreement. If so, it does not contend that agreement is invalid.

10. Describe the communication(s) between Plaintiff and any employee, representative, or agent of Crescent Payroll Solutions, Inc. relating to the negotiation of, drafting of, revisions of any written agreement or contract between Plaintiff any company Defendant in this suit prior to execution of any written agreement or contract made the basis of this suit. For each communication, state:

    a. The date of the communication;
    b. Whether the communication was in writing or verbal;
    c. The identities of the individuals involved in the communication; and
    d. Whether there were any witnesses to the communication.

    When Crescent Payroll Solutions, Inc. hired Plaintiff, it presented him with an Employment Agreement, which he signed. Crescent Payroll Solutions, Inc. is not aware of any revisions or amendments to that agreement. In November 2022, Sanders Offner and Justin Farrae discussed Plaintiff's request for a title change, pay increase, bonus, and profit-sharing. They drafted the Compensation Agreement, which they signed on behalf of Crescent Payroll Solutions, Inc. and Plaintiff also signed. Crescent Payroll Solutions is not aware of any revisions or amendments to that agreement.

11. Identify all lawsuits in which Crescent Payroll Solutions, Inc. has been a party in the last ten (10) years. For each lawsuit, state:

    a. Whether Crescent Payroll Solutions was a Plaintiff or Defendant or other type of party (ex. Third-Party Defendant);
    b. The case or cause number of each lawsuit;
    c. The court the lawsuit was filed in;
    d. The disposition of the lawsuit; and
    e. The name of the attorney(s) representing the company.

    Crescent Payroll Solutions, Inc. does not believe it was involved in any lawsuits within the last 10 years. It does recall a legal dispute with Dirt Diva, but believes that resolved prior to litigation.

12. Describe any conversation(s) or communication(s), written or unwritten, formal or informal, that took place between any agent or representative of Crescent Payroll Solutions, Inc. and Plaintiff relating to Plaintiff's relocation to Houston.

    Crescent Payroll Solutions, Inc. objects to this interrogatory because it is overbroad, unduly burdensome, and seeks information that is irrelevant and disproportional to the needs of this case. Subject to, and without waiving, these objections, Crescent Payroll Solutions does not know of every conversation that may have taken place between any of its agents or representatives and Plaintiff relating to Plaintiff's relocation to Houston. Further answering, it refers Plaintiff to the responses to Plaintiff's interrogatory no. 13 to Mr. Offner and Mr. Farrae.

13. Identify each individual that attended the Teams video call wherein Plaintiff was placed on a 30-day performance improvement plan ("PIP").

    Plaintiff, Sanders Offner, and Jessica Johnson.

14. Identify the decision-makers with Crescent Payroll Solutions, Inc. with regards to placing Plaintiff on a performance improvement plan.

    Sanders Offner and Jessica Johnson.

15. Identify the date(s) for which:

    a. There was first discussion of placing Plaintiff on a performance improvement plan;
    b. Plaintiff was placed on a performance improvement plan; and
    c. Plaintiff was terminated from his employment with Defendant.

    Crescent Payroll Solutions, Inc. does not have a record of the date when there was first discussion of placing Plaintiff on a PIP, but believes that occurred in June 2024, in the week or so before the company placed him on a PIP. The company placed Plaintiff on a PIP on June 19, 2024 and terminated his employment on June 24, 2024.

16. Describe the factual circumstances that show why Defendant decided to terminate Plaintiff's employment prior to the expiration of the 30-day performance improvement plan.

When Mr. Farrae learned that Sanders Offner and Jessica Johnson put Plaintiff on a PIP, he disagreed with the decision. He believed Crescent Payroll Solutions, Inc. should have terminated Plaintiff's employment based on his job performance rather than putting him on a PIP. Mr. Farrae did some additional investigation by looking at Plaintiff's emails. That revealed that Plaintiff was barely doing any work for the company. After Mr. Farrae shared the information he learned and his opinion that Crescent Payroll Solutions, Inc. should terminate Plaintiff's employment rather than allow him to continue working pursuant to a PIP, the company terminated his employment. Sanders Offner communicated the decision to Plaintiff.

17. Identify the individual(s) at Crescent Payroll Solutions, Inc. what were responsible for making sure that profit-sharing payments are paid to the employees for which payouts are due, whether due to a written agreement or other company policy, from 2020-2025.

Crescent Payroll Solutions, Inc. objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case to the extent it seeks information about profit-sharing payments to anyone other than Plaintiff. Subject to, and without waiving, these objections, Justin Farrae was primarily responsible for calculating the amount of profit-sharing payments owed to Plaintiff pursuant to the Compensation Agreement and ensuring those payments were made, which they were.

18. State Crescent Payroll Solutions, Inc.'s profits, revenues, or divestitures/recapitalizations from November 17, 2022 through Plaintiff's termination.

Crescent Payroll Solutions, Inc. objects to this request as overbroad broad and unduly burdensome and because it seeks information that is irrelevant and disproportional to the needs of this case to the extent it seeks information about profits other than those derived from Empact HR or RPO. Subject to, and without waiving, these objections, please see the Empact HR profit and loss spreadsheets, and quarterly calculations underlying the profit-sharing determinations (Crescent 0212-0219).

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s Elizabeth A. Roussel*
**ELIZABETH A. ROUSSEL** (#27943)
**TAYLOR P. SMITH** (#41421)
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
taylor.smith@arlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing discovery were served upon Plaintiff's counsel by email on March 20, 2026.

*/s Elizabeth A. Roussel*

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

I, Sanders Offner, verify that the foregoing responses to Plaintiff's First Set of Interrogatories to Crescent Payroll Solutions, Inc. are true and correct to the best of my knowledge.

Sanders Offner

3-17-26
Date