IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PHILIP CARRILLO<br>*Plaintiff*,<br><br>v.<br><br>CRESCENT PAYROLL SOLUTIONS, INC., CRESCENT PAYROLL SOLUTIONS LLC, SANDERS OFFNER, and JUSTIN FARRAE,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO. 2:25-cv-01787<br><br>JURY TRIAL DEMANDED |

---

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE**

---

COMES NOW Plaintiff Philip Carrillo ("Plaintiff") and files this Statement of Material Facts In Dispute in support of his First Amended Response in Opposition to Defendant's Motion for Summary Judgment. Plaintiff provides the following:

I. **Disputed Statement No. 1: Defendants assert Plaintiff was "barely working," "disengaged," and not performing his job duties.**

Plaintiff testified he remained engaged in the business and fulfilled the requirements of his position.[1] Sanders Offner testified Plaintiff "effectively did all" essential functions listed in the Director of HR Services job description.[2] Justin Farrae acknowledged observing Plaintiff attending client meetings, sales meetings, industry conferences, and customer-facing events.[3]

II. Disputed Statement No. 2: Defendants assert Plaintiff's termination was based entirely on poor performance.

---

[1] Ex. 1, 122:6-17.
[2] Ex. 3, 54:21-55:22.
[3] Ex. 2, 122:7-11, 122:24-123:21, 110:20-112:4.

Sanders Offner testified Defendants "just changed [their] minds" after issuing a 30-day PIP and terminated Plaintiff before the PIP period expired.[4] Justin Farrae testified management had already agreed Plaintiff would be terminated before the PIP was issued.[5]

**III. Disputed Statement No. 3: Defendants assert the complaints by Alex and Connor establish Plaintiff's alleged poor performance.**

Justin Farrae testified only Alex complained directly to him and admitted no documents substantiated the complaints.[6] Sanders Offner admitted much of his information came through Jessica Johnson. Plaintiff disputes the validity of the complaints.

**IV. Disputed Statement No. 4: Defendants assert Plaintiff's relocation to Houston demonstrated inability to perform his job.**

Sanders Offner expressly approved Plaintiff's remote work arrangement and approved Plaintiff remaining in the same position after relocating to Houston.[7]

**V. Disputed Statement No. 5: Defendants assert Paragraph 5 of the Compensation Agreement unambiguously terminated upon Plaintiff's separation.**

The parties' intent regarding Paragraph 5 of the Compensation Agreement is disputed. Evidence exists of negotiations,[8] projections regarding future compensation, discussions regarding future upside, and separate negotiation of Paragraph 5.

---

[4] EX. 3, 54:21-55:2, 79:9-80:9.
[5] EX. 2, 84:14-17, 85:4-19.
[6] EX. 2, 106:15-24, 116:19-117:10, 155:14-18.
[7] EX. 3, 56:19-57:7.
[8] EX. 2, 51:2-14, 51:21-52:6, 52:21-24; see also, EX. 1, 62:14-64:14.

Respectfully submitted,

SPACE CITY LAW FIRM, PLLC

BDavidson

Bridget Davidson
TX Bar No.: 24096858
SPACE CITY LAW FIRM, PLLC
440 Louisiana St., Ste 1110
Houston, Texas 77002
*bdavidson@spacecitylaw.com*
Tel: 713.568.5305

and

William Most
MOST & ASSOCIATES
LA Bar No.: 36914
201 St. Charles Ave., Ste 2500, #9685
New Orleans, Louisiana, 70170
*williammost@gmail.com*
Tel: 504.509.5023

**Attorneys for Plaintiff**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Statement of Facts was filed and served on all parties and counsel of record in this case, attached to Plaintiff's First Amended Response in Opposition to Defendants' Motion for Summary Judgment, via the Court's CM/ECF system on August 26, 2026.

BDavidson
Bridget Davidson