# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION NO. 2:25-CV-01787** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE: SARAH S. VANCE** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | **MAGISTRATE: EVA J. DOSSIER** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**<u>RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION</u>**

Defendants, Crescent Payroll Solutions, LLC f/k/a Crescent Payroll Solutions, Inc. ("Crescent"), Sanders Offner, and Justin Farrae, answer the requests for admissions served by Plaintiff, Philip Carrillo as follows:

1. Admit that Plaintiff was hired for the position of "HR Advisor" in or about August of 2020.

   Admitted.

2. Admit Crescent Payroll Solutions, Inc. was Plaintiff's employer.

   Admitted.

3. Admit Crescent Payroll Solutions, LLC was Plaintiff's employer.

   Denied. Crescent Payroll Solutions, LLC was not organized until May 2025. Crescent Payroll Solutions, Inc. terminated Plaintiff's employment in June 2024.

4. Admit Sanders Offner had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2020.

   Admitted.

5. Admit Sanders Offner had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2021.

   Admitted.

6. Admit Sanders Offner had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2022.

   Admitted.

7. Admit Sanders Offner had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2023.

   Admitted.

8. Admit Sanders Offner had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2024.

   Admitted.

9. Admit Justin Farrae had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2020.

   Admitted.

10. Admit Justin Farrae had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2021.

    Admitted.

11. Admit Justin Farrae had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2022.

    Admitted.

12. Admit Justin Farrae had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2023.

    Admitted.

13. Admit Justin Farrae had the authority to bind Crescent Payroll Solutions, Inc. by contract in 2024.

    Admitted.

14. Admit that Plaintiff was, at all times, qualified for the position he held at Crescent Payroll Solutions, Inc.

    Admitted.

15. Admit that Plaintiff was, at all times, qualified for the position he held at Crescent Payroll Solutions, LLC.

    Denied. Plaintiff never worked for Crescent Payroll Solutions, LLC.

16. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, Inc. in 2020.

    Admitted.

17. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, Inc. in 2021.

    Admitted.

18. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, Inc. in 2022.

    Admitted.

19. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, Inc. in 2023.

    Admitted.

20. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, Inc. in 2024.

    Admitted.

21. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, LLC in 2020.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

22. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, LLC in 2021.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

23. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, LLC in 2022.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

24. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, LLC in 2023.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

25. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, LLC in 2024.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

26. Admit that Sanders Offner had an ownership interest in Crescent Payroll Solutions, Inc. in 2020.

    Admitted.

27. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, Inc. in 2021.

    Admitted.

28. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, Inc. in 2022.

    Admitted.

29. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, Inc. in 2023.

    Admitted.

30. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, Inc. in 2024.

    Admitted.

31. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, LLC in 2020.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

32. Admit that Justin Farrae currently has an ownership interest in Crescent Payroll Solutions, Inc.

    Denied.

33. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, LLC in 2020.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

34. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, LLC in 2021.

Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

35. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, LLC in 2022.

Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

36. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, LLC in 2023.

Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

37. Admit that Justin Farrae had an ownership interest in Crescent Payroll Solutions, LLC in 2024.

Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

38. Admit that Justin Farrae currently has an ownership interest in Crescent Payroll Solutions, LLC.

Denied.

39. Admit that Plaintiff was promoted to Director of Human Resources at Crescent Payroll Solutions in 2022.

Defendants admit that Crescent Payroll Solutions, Inc. changed Plaintiff's title to Director of HR effective October 17, 2022.

40. Admit that Plaintiff and Crescent Payroll Services, Inc. entered into a valid, written contract on August 4, 2020.

Denied. However, Defendants admit that Plaintiff and Crescent Payroll Solutions, Inc. entered into an Employment Agreement effective August 4, 2020 that was valid and in writing.

41. Admit that Plaintiff and Crescent Payroll Services, LLC entered into a valid, written contract on August 4, 2020.

Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, LLC. They assume Plaintiff intended to refer to Crescent Payroll Solutions, LLC. If so, Defendants still deny this request for admission because Crescent Payroll Solutions, LLC was not organized until May 2025.

42. Admit that Sanders Offner executed a valid, written contract on behalf of Crescent Payroll Services, Inc. on August 4, 2020.

    Denied. However, Defendants admit that Sanders Offner executed the Employment Agreement between Plaintiff and Crescent Payroll Solutions, Inc. that was effective August 4, 2020 and that was valid and in writing.

43. Admit that Sanders Offner executed a valid, written contract on behalf of Crescent Payroll Services, LLC on August 4, 2020.

    Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, LLC. They assume Plaintiff intended to refer to Crescent Payroll Solutions, LLC. If so, Defendants still deny this request for admission because Crescent Payroll Solutions, LLC was not organized until May 2025.

44. Admit that Justin Farrae executed a valid, written contract on behalf of Crescent Payroll Services, Inc. on August 4, 2020.

    Denied.

45. Admit that Justin Farrae executed a valid, written contract on behalf of Crescent Payroll Services, LLC on August 4, 2020.

    Denied.

46. Admit that Plaintiff and Crescent Payroll Services, Inc. entered into a valid, written agreement as an addendum to Plaintiff's compensation on November 17, 2022.

    Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, Inc. They assume Plaintiff intended to refer to Crescent Payroll Solutions, Inc. If so, Defendants deny this request for admission, but admit Plaintiff and Crescent Payroll Solutions, Inc. entered into a Compensation Agreement on November 17, 2022.

47. Admit that Plaintiff and Crescent Payroll Services, LLC entered into a valid, written agreement as an addendum to Plaintiff's compensation on November 17, 2022.

    Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, LLC They assume Plaintiff intended to refer to Crescent Payroll Solutions, LLC. If so, Defendants deny this request for admission because Crescent Payroll Solutions, LLC was not organized until May 2025.

48. Admit that Sanders Offner executed a valid, written agreement on behalf of Crescent Payroll Services, Inc. on November 17, 2022.

    Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, Inc. They assume Plaintiff intended to refer to Crescent Payroll Solutions, Inc. If so, Defendants

deny this request for admission, but admit that Sanders Offner executed the Compensation Agreement between Plaintiff and Crescent Payroll Solutions, Inc. on November 17, 2022 in his capacity as President of Crescent Payroll Solutions, Inc.

49. Admit that Sanders Offner executed a valid, written agreement on behalf of Crescent Payroll Services, LLC on November 17, 2022.

Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, LLC They assume Plaintiff intended to refer to Crescent Payroll Solutions, LLC. If so, Defendants deny this request for admission because Crescent Payroll Solutions, LLC was not organized until May 2025.

50. Admit that Justin Farrae executed a valid, written agreement on behalf of Crescent Payroll Services, Inc. on November 17, 2022.

Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, Inc. They assume Plaintiff intended to refer to Crescent Payroll Solutions, Inc. If so, Defendants deny this request for admission, but admit that Justin Farrae executed the Compensation Agreement between Plaintiff and Crescent Payroll Solutions, Inc. on November 17, 2022 in his capacity as the Vice President of Crescent Payroll Solutions, Inc.

51. Admit that Justin Farrae executed a valid, written agreement on behalf of Crescent Payroll Services, LLC on November 17, 2022.

Denied. Defendants are unfamiliar with a company called Crescent Payroll Services, LLC They assume Plaintiff intended to refer to Crescent Payroll Solutions, LLC. If so, Defendants deny this request for admission because Crescent Payroll Solutions, LLC was not organized until May 2025.

52. Admit that under the terms of the written agreement made the basis of this suit, effective as of November 17, 2020, references empact HR and RPO as relevant business lines for Plaintiff's compensation.

Denied as written. However, Defendants admit that the Compensation Agreement entered into between Crescent Payroll Solutions, Inc. and Plaintiff on November 17, 2020 references Empact HR and RPO with respect to Plaintiff's compensation. The Compensation Agreement is the best evidence of its content.

53. Admit that under the terms of the written agreement made the basis of this suit, effective as of November 17, 2020, Plaintiff's compensation included 10% of empact HR's net profits and 10% of RPO's gross revenues, to be paid quarterly.

Denied as written. However, Defendants admit that the Compensation Agreement between Plaintiff and Crescent Payroll Solutions, Inc. states that "Of empact hr's net profits, starting January 1, 2023, Philip Carrillo will be paid a quarterly percentage share of 10%. Paid the 2nd check date of the following quarter.*" It also stated "Of RPO's gross revenues, starting

January 1, 2023, Philip Carrillo will be paid a quarterly percentage share of 10%. Paid the 2nd check date of the following quarter.*" It also stated "*All forms of remuneration end upon termination of employment. No claim on either extends past the final date of employment, and final payments for services rendered up tot eh date of termination." The Compensation Agreement is the best evidence of its content.

54. Admit that under the terms of the written agreement made the basis of this suit, effective as of November 17, 2020, provided for a 5% revenue share in the event of divestiture or recapitalization of empact HR.

Denied as written. The Compensation Agreement states that Plaintiff would receive "5% revenue share of empact hr (of the trailing 12 months at the given multiple of valuation), in the event of divestiture of recapitalization.*" It further stated that "*All forms of remuneration end upon termination of employment. No claim on either extends past the final date of employment, and final payments for services rendered up tot eh date of termination." The Compensation Agreement is the best evidence of its content. There was no divestiture or recapitalization of empact hr while Plaintiff worked for Crescent Payroll Solutions, Inc. or before his "final date of employment" in June 2024.

55. Admit that from January 1, 2023 to December 1, 2024, Crescent Payroll Services, Inc. did not pay a quarterly percentage share of 10% of empact HR's net profits to Plaintiff.

Denied. Defendants are not familiar with Crescent Payroll Services, Inc. Defendants assume Plaintiff intended to refer to Crescent Payroll Solutions, Inc. If so, Crescent Payroll Solutions, Inc. still denies this request because it paid Plaintiff the following amounts on the following dates, which represents his share of empact HR's net profits between January 1, 2023 through his termination date:

- $3,282.59 on April 20, 2023 (the second check date following the end of Q1 2023);
- $3,367.55 on July 20, 2023 (the second check date following the end of Q2 2023);
- $4,255.29 on October 20, 2023 (the second check date following the end of Q3 2023);
- $6,436.31 on January 19, 2024 (the second check date following the end of Q4 2023);
- $5,133.47 on April 19, 2024 (the second check date following the end of Q1 2024);
- $3,292.62 on July 19, 2024 (the second check date following the end of Q2 2024).

56. Admit that from January 1, 2023 to December 1, 2024, Crescent Payroll Services, LLC did not pay a quarterly percentage share of 10% of empact HR's net profits to Plaintiff.

Admitted. Defendants are unfamiliar with Crescent Payroll Services, LLC. They assume Plaintiff intended to refer to Cresent Payroll Solutions, LLC. If so, Defendants still admit this request because Plaintiff never worked for Crescent Payroll Solutions, LLC. That entity was not organized until May 2025 and Crescent Payroll Solutions, Inc. terminated Plaintiff's employment in June 2024.

57. Admit that from January 1, 2023 to December 1, 2024, Crescent Payroll Services, Inc. did not pay a quarterly percentage share of 10% of RPO's gross revenues to Plaintiff.

Denied. Defendants are not familiar with Crescent Payroll Services, Inc. Defendants assume Plaintiff intended to refer to Crescent Payroll Solutions, Inc. If so, Crescent Payroll Solutions, Inc. still denies this request. RPO only generated revenue from a single placement during Plaintiff's employment. Crescent Payroll Solutions, Inc. paid Plaintiff 10% of RPO's gross revenues for that placement.

58. Admit that from January 1, 2023 to December 1, 2024, Crescent Payroll Services, LLC. did not pay a quarterly percentage share of 10% of RPO's gross revenues to Plaintiff.

    Admitted. Defendants are unfamiliar with Crescent Payroll Services, LLC. They assume Plaintiff intended to refer to Cresent Payroll Solutions, LLC. If so, Defendants still admit this request because Plaintiff never worked for Crescent Payroll Solutions, LLC. That entity was not organized until May 2025 and Crescent Payroll Solutions, Inc. terminated Plaintiff's employment in June 2024.

59. Admit that Plaintiff was placed on a performance improvement plan ("PIP") on or about June 19, 2024.

    Admitted.

60. Admit Plaintiff was terminated on or about June 24, 2024.

    Admitted.

61. Admit that Crescent Payroll Solutions, Inc. drafted the 2020 Employment Agreement signed by Plaintiff.

    Admitted.

62. Admit that Crescent Payroll Solutions, LLC drafted the 2020 Employment Agreement signed by Plaintiff.

    Denied. Crescent Payroll Solutions, LLC was not organized until May 2025.

63. Admit that Crescent Payroll Solutions, Inc. drafted the 2022 Addendum Agreement signed by Plaintiff.

    Denied as written. Further answering, Crescent Payroll Solutions, Inc. admits it drafted the Compensation Agreement.

64. Admit that Crescent Payroll Solutions, LLC drafted the 2020 Employment Agreement signed by Plaintiff.

    Denied as written. Further answering, Crescent Payroll Solutions, LLC denied that it drafted the Compensation Agreement. It was not organized until May 2025.

65. Admit that Crescent Payroll Solutions, Inc. and Crescent Payroll Solutions, LLC operated in connection with Plaintiff's employment and compensation from 2022-2024.

Defendants object to this request as vague and further deny it. Specifically, they deny that Crescent Payroll Solutions, LLC "operated in connection with Plaintiff's employment and compensation from 2022-2024." Plaintiff never worked for Crescent Payroll Solutions, LLC. That entity was not organized until May 2025 and Crescent Payroll Solutions, Inc. terminated Plaintiff's employment in June 2024.

66. Admit no contemporaneous documentation exists demonstrating that Plaintiff failed to meet any PIP milestone during the five (5) days between June 19, 2024 and June 24, 2024.

Admitted.

67. Admit the financial impact of Plaintiff's compensation terms as of the 2022 Addendum Agreement was discussed when considering the timing of his termination.

Denied. Defendants assume this request refers to the Compensation Agreement. Defendants did not consider the Compensation Agreement or its terms in deciding to terminate Plaintiff's employment.

68. Admit Defendants approved Plaintiff's remote work from Houston following his relocation in or around October 2023.

Admitted. However, Plaintiff did not work, or perform to Crescent Payroll Solutions, Inc.'s expectations, after he moved to Houston. The remote work arrangement was unsuccessful.

69. Admit that no written discipline was issued to Plaintiff concerning remote work productivity prior to June 2024.

Admitted. As the PIP indicates, efforts were made in May 2024 to correct Plaintiff's behavior and to address the problems with his remote work productivity. Those efforts, which were unsuccessful, were not documented in the form of written discipline issued to Plaintiff.

70. Admit Sanders Offner participated in the decision to place Plaintiff on a PIP on June 19, 2024.

Admitted.

71. Admit Justin Farrae participated in the decision to place Plaintiff on a PIP on June 19, 2024.

Denied.

72. Admit Sanders Offner participated in the decision to terminate Plaintiff on a PIP on June 19, 2024.

    Admitted.

73. Admit Justin Farrae participated in the decision to terminated Plaintiff on a PIP on June 19, 2024.

    Admitted.

74. Admit that divestiture occurred at Crescent Payroll Solutions, Inc. during the period of 2021 to 2025.

    Defendants deny this request as written. However, they admit that a transaction occurred in May 2025, nearly a year after Crescent Payroll Solutions, Inc. terminated Plaintiff's employment. As a result of the transaction, Crescent Payroll Solutions, Inc. became inactive and ceased doing business and Crescent Payroll Solutions, LLC was organized. Crescent Payroll Solutions, LLC is a Delaware limited liability company owned 51% by isolved Network Holdings, LLC and 49% by CPS Interests, LLC, which is owned by Sanders Offner. As a result of the transaction, Farrae no longer had any ownership interest in Crescent Payroll Solutions, Inc. and did not acquire any ownership interest in Crescent Payroll Solutions, LLC.

75. Admit that divestiture occurred at Crescent Payroll Solutions, LLC during the period of 2021 to 2025.

    Denied.

76. Admit that a recapitalization occurred at Crescent Payroll Solutions, Inc. during the period of 2021 to 2025.

    Denied. Further answering, please see response to request no. 74.

77. Admit that a recapitalization occurred at Crescent Payroll Solutions, Inc. during the period of 2021 to 2025.

    Denied.

Respectfully submitted:

**ADAMS AND REESE LLP**

*/s Elizabeth A. Roussel*
**ELIZABETH A. ROUSSEL** (#27943)
**TAYLOR P. SMITH** (#41421)
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
taylor.smith@arlaw.com

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing discovery were served upon Plaintiff's counsel by email on March 20, 2026.

*/s Elizabeth A. Roussel*