**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **PHILIP CARRILLO** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | |
| | * | **NO. 25-1787** |
| **CRESCENT PAYROLL SOLUTIONS, INC. ET AL.** | * | |
| | * | |
| | * | **SECTION: “R” (3)** |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Defendants, Crescent Payroll Solutions, LLC f/k/a Crescent Payroll Solutions, Inc., Sanders Offner, and Justin Farrae, respectfully submit this reply in further support of their motion for summary judgment seeking to dismiss all of Plaintiff Philip Carrillo’s claims.

**I. Carrillo abandoned his abuse of rights claim and claim seeking a judgment declaring the noncompete provision in his Employment Agreement unenforceable.**

Defendants moved to dismiss Carrillo’s abuse of rights claim because Carrillo cannot prove Defendants abused any right by terminating his employment. Defendants also moved to dismiss Carrillo’s claim seeking a judgment declaring the noncompete provision in his Employment Agreement unenforceable because there is no justiciable controversy relating to that contract provision considering Defendants never sought to enforce it and it has now expired by its terms. Carrillo did not oppose Defendants’ motion in this regard. Thus, the Court should find that he abandoned these two claims and dismiss them.

**II. Carrillo did not controvert any of the facts upon which Defendants’ motion is based.**

Local Rule 56.2 states that:

> Any opposition to a motion for summary judgment must include a separate and concise statement of the material facts which the opponent contends present a genuine issue. All material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement.

Defendants identified 59 facts that they contend are material to their motion and are not genuinely disputed.[1] Carrillo did not controvert any of those facts, so the Court should deem them admitted.

Instead, Carrillo submitted his own statement of five facts he contends are material and disputed. The first four facts all relate to Carrillo's contention that he was not disengaged and did not perform his job poorly. That is immaterial. While Defendants explained that they terminated Carrillo because they believed he was disengaged and was not doing his job after he chose to move to Houston, the fact that Carrillo disagrees with their assessment is immaterial because he admits he was employed at will; thus, Crescent was at liberty to terminate his employment for any reason or no reason at all. The fifth "fact" Carrillo claims is disputed is whether the language in Paragraph 5 of the Compensation Agreement is ambiguous. But that is a question of law, not fact.[2] The Court should find that none of the facts material to Defendants' motion are disputed.

## III. The Court should reject Carrillo's argument that the Compensation Agreement is ambiguous and grant summary judgment dismissing Carrillo's breach of contract claim.

Defendants moved to dismiss Carrillo's breach of contract claim because Carrillo cannot prove they breached his Employment Agreement by terminating his employment and cannot prove they breached the Compensation Agreement by failing to make bonus and profit-sharing

---

[1] Rec. Doc. 28-9.

[2] *Country Club of Louisiana Prop. Owners Ass'n, Inc. v. Baton Rouge Water Works Co.*, 2019-1373 (La. App. 1 Cir. 8/17/20), 311 So. 3d 395, 399 ("The determination of whether a contract is clear or ambiguous is a question of law.")

payments owed to him. Carrillo did not respond to Defendants' argument that they did not breach the Employment Agreement by terminating his employment, so the Court should enter summary judgment in Defendants' favor with respect to that aspect of Carrillo's breach of contract claim. Carrillo also did not dispute that Defendants gave Carrillo the title change he desired or that Defendants paid him the $5,000 bonus and all quarterly profit-sharing payments he was owed pursuant to Paragraphs 2, 3 and 4 of the Compensation Agreement. All Carrillo argued is that Defendants breached Paragraph 5 of the Compensation Agreement by not paying him any amount when Crescent reorganized 11 months after he lost his job and Farrae sold his ownership interest in the company. Notably, Carrillo did not dispute that Defendants did not contemplate that transaction before he lost his job and took no steps to effectuate it before then.

Carrillo's entire argument is that Paragraph 5 of the Compensation Agreement, which he admits he drafted, is ambiguous. But, as stated above, that is a question of law, not fact, and, in any event, none of the arguments Carrillo makes supports finding that the provision is ambiguous.

Words in a contract are ambiguous if they are susceptible to more than one reasonable interpretation.[3] The relevant words in the Compensation Agreement state that "[a]ll forms of remuneration end upon termination of employment." The words are clear. They say what they mean and mean what they say. Carrillo does not even argue that they can be interpreted to mean anything other than that all remuneration owed to him under the agreement ended when Crescent terminated his employment. Instead, Carrillo argues the Court should find the language in

---

[3] *Kaster, Lynch, Farrar, & Ball, LLP v. Meeks & Assocs., LLC*, 2025-0087 (La. App. 4 Cir. 8/8/25), 424 So. 3d 120, 127 ("Under Louisiana law, a contract is ambiguous when it is uncertain as to the parties' intentions and susceptible to more than one reasonable meaning under the circumstances and after applying established rules of construction.")

Paragraph 5 of the Compensation Agreement ambiguous because: (1) it would be "largely meaningless" unless one assumes the asterisk should not have applied to that paragraph, (2) Offner testified the Compensation Agreement was intended to incentivize Carrillo, (3) no one else at Crescent had a similar agreement, (4) the parties negotiated the agreement, and (5) the agreement contains typographical errors. The Court should reject all these arguments.

First, it is not true that Paragraph 5 of the Compensation Agreement would be "largely meaningless" unless one assumes the asterisk associated with that paragraph should not be there. As written, the Compensation Agreement provided Carrillo with the opportunity to earn additional compensation if there was a divestiture or reorganization while he worked for Crescent. That is meaningful. But regardless, it is irrelevant because the presence or absence of the asterisk does not change the fact that the words "all forms of remuneration end upon termination of employment" are clear and unambiguous. Second, the fact that Offner testified that the Compensation Agreement was intended to incentivize Carrillo has no bearing on whether the language "all forms of remuneration end upon termination" is unambiguous. Likewise, the fact that no one else at Crescent entered into an agreement like Carrillo's Compensation Agreement does not make the language in it ambiguous. Nor is the Compensation Agreement ambiguous just because the parties negotiated its terms. Many contracts are negotiated before they are signed. That does not make them ambiguous. Finally, the fact that the Compensation Agreement contains typographical errors is irrelevant because there are no typographical errors in the language at issue. Carrillo cannot defeat summary judgment by now arguing that he does not believe there should have been an asterisk associated with Paragraph 5, particularly considering he admits he drafted the agreement and that Farrae insisted on the inclusion of that language before he would sign it.[4]

[4] Rec. Doc. 28-9 at p. 4 at ¶27.

## IV. Carrillo did not dispute that entering into the Compensation Agreement was not a change to his detriment, so Defendants are entitled to summary judgment dismissing his detrimental reliance claim.

Defendants moved to dismiss Carrillo's detrimental reliance claim because Carrillo predicated his claim on his contention that entering into the Compensation Agreement was a change to his detriment and Carrillo cannot prove there was anything detrimental about entering into that agreement.[5] In support of their argument, Defendants presented evidence proving that Carrillo received a desired title change, salary increase, one-time bonus, and more than $26,000 in profit-sharing payments because he entered into the Compensation Agreement. Carrillo did not dispute this.[6] Nor did he make any argument that entering into the Compensation Agreement was a change that was detrimental to him. Instead, Carrillo argued that the Court should deny summary judgment because: (1) Offner testified that Carrillo was concerned that his move to Houston would jeopardize his position with the company, (2) he relied on assurances from Defendants before purchasing a home in Houston, and (3) whether his reliance on Defendants' representations was reasonable is a fact issue that must be resolved at trial. The Court should reject all these arguments.

Carrillo's first two arguments appear to change the basis of his detrimental reliance claim. In his Amended Complaint, Carrillo alleged he changed his position to his detriment by entering into the Compensation Agreement.[7] In his arguments, Carrillo appears to argue that he changed his position to his detriment by moving to Houston and purchasing a home. The Court should not entertain these arguments because they are different than what Carrillo alleged. But even if the Court were to consider these arguments, it should find that they do not enable Carrillo to succeed

[5] Rec. Doc. 13, First Am. Compl. at ¶¶76-84.
[6] Rec. Doc. 28-9 at pp. 4-5 at ¶¶25, 30-31.
[7] Rec. Doc. 13, First Am. Compl. at ¶¶76-84.

on a detrimental reliance claim because the record proves Carrillo chose to move to Houston because he wanted to leave New Orleans after he broke up with his partner, not based on any representation made by Defendants,[8] and because Carrillo admits he made money on the sale of the home he purchased after moving to Houston (explaining: "I don't lose money on real estate.")[9]

Carrillo's last argument misses the mark because Defendants did not move for summary judgment on the basis that Carrillo's reliance on their alleged representations was not reasonable. Defendants moved for summary judgment on the basis that the facts undisputedly prove that Carrillo's decision to enter into the Compensation Agreement was not a change to his detriment.

**V. Carrillo did not dispute that Crescent did not breach his Employment Agreement by terminating his employment, so Offner and Farrae are entitled to summary judgment dismissing his tortious interference claim.**

Offner and Farrae moved for summary judgment on Carrillo's tortious interference claim on the basis that Carrillo: (1) cannot prove that Crescent breached the Employment Agreement by terminating his employment because he admits he was employed at will, and (2) cannot prove Offner and Farrae lacked a justification for terminating his employment. Carrillo did not offer any argument in opposition to Offner's and Farrae's argument that Crescent did not breach the Employment Agreement by terminating his employment. That is fatal to his effort to defeat summary judgment because to succeed on his tortious interference claim, he must prove that Offner and Farrae caused Crescent to breach its contract with Carrillo. Because Carrillo does not dispute that there was no such breach, Offner and Farrae are entitled to judgment as a matter of law. Additionally, Offner and Farrae are entitled to summary judgment because, by failing to

---

[8] Rec. Doc. 13, First Am. Compl. at ¶51 (stating that after Carrillo's relationship ended he "wished to relocate to Houston.")
[9] Carrillo 116:12-20.

controvert any of the facts supporting Defendants' motion, Carrillo has failed to meet his burden to prove that Offner and Farrae lacked justification for causing Crescent to terminate his employment.

## VI. Conclusion.

Carrillo failed to controvert any of the material facts supporting Defendants' summary judgment motion. Based upon them, Defendants are entitled to judgment as a matter of law dismissing all of Carrillo's claims.

Respectfully submitted:

**ADAMS AND REESE, LLP**

*/s/ Elizabeth A. Roussel*
**ELIZABETH A. ROUSSEL** (#27943)
**TAYLOR P. SMITH** (#41421)
Hancock Whitney Center
701 Poydras Street, Suite 4500
New Orleans, Louisiana, 70139
Telephone: (504) 581-3234
Facsimile: (504) 566-0210
Email: liz.roussel@arlaw.com
taylor.smith@arlaw.com
*Counsel for Defendants*